UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NELSON ARELLANO-PEREZ, individually<br><br>    Plaintiff,<br>v.<br><br>CIRCLE K STORES INC.; ROE CONVENIENCE STORES I-X; DOE OWNERS I-X; DOE MANAGERS I-X; DOE MAINTENANCE EMPLOYEES I-X; DOE CONVENIENCE STORE EMPLOYEES I-X; ROE MAINTENANCE COMPANIES XI-XX; ROE OWNERS XI-XX; ROE EMPLOYERS XI-XX; DOES XXI-XXV; and ROE CORPORATIONS XXV-XXX, inclusive, jointly and severally,<br><br>    Defendants. | Case No. 2:25-cv-00356-GMN-NJK<br><br>**ORDER GRANTING REVISED STIPULATION TO EXTEND DISCOVERY DEADLINES (SECOND REQUEST)** |

    COMES NOW, Plaintiff NELSON ARELLANO-PEREZ ("Plaintiff") and Defendant CIRCLE K STORES INC. ("Defendant" or "Circle K"), by and through their respective counsel of record, and hereby submits this Revised Stipulation and Order to Extend Discovery Deadlines (Second Request) for the Court's consideration pursuant to LR 26-3.

…

…

1

## I. PROCEDURAL HISTORY

On December 20, 2024, Plaintiff filed his Complaint in the Eighth Judicial District Court for Clark County, Nevada. Defendant Circle K filed its Answer on January 16, 2025. Plaintiff then filed his Request for Exemption from Arbitration on February 5, 2025, and such request was granted by the Discovery Commissioner on February 24, 2025. On February 25, 2025, Defendant petitioned to remove the instant matter to the United States District Court for the District of Nevada. The parties then filed a Stipulated Joint Discovery Plan and Scheduling Order on March 3, 2025, which was subsequently approved on March 4, 2025.

## II. DISCOVERY COMPLETED TO DATE

1. On March 10, 2025, Plaintiff served his initial disclosure statement pursuant to FRCP 26(a)(1).
2. On March 14, 2025, Defendant served its initial disclosure statement pursuant to FRCP 26(a)(1).
3. On March 21, 2025, Defendant served its first set of requests for admission, requests for production of documents, and interrogatories upon Plaintiff.
4. On May 5, 2025, Plaintiff responded to Defendant's first set of written discovery requests.
5. On May 13, 2025, Plaintiff served Defendant with his first set of requests for admission, requests for production, and interrogatories.
6. On June 3, 2025, Defendant served its first supplemental FRCP 26(a)(1) disclosure statement.
7. On June 26, 2025, Plaintiff served his initial expert disclosure statement.
8. On June 26, 2025, Defendant served its initial expert disclosure statement.
9. On July 2, 2025, the deposition of Plaintiff was taken.
10. On July 7, 2025, Defendant served its second supplemental FRCP 26(a)(1) disclosure statement.
11. Also on July 7, 2025, Defendant responded to Plaintiff's written discovery requests.
12. On July 14, 2025, the deposition of Defendant's FRCP 30(b)(6) witness was taken.

13. On July 28, 2025, Plaintiff served his rebuttal expert disclosure statement.

14. On July 28, 2025, Defendant served its rebuttal expert disclosure statement.

15. On July 31, 2025, Defendant served its second supplemental disclosure statement and first supplemental responses to Plaintiff's first set of requests for production of documents.

16. On August 22, 2025, Defendant served its third supplemental disclosure statement.

17. On September 3, 2025, Plaintiff served his first supplement to initial disclosures dated August 25, 2025.

### III. DISCOVERY TO BE COMPLETED

1. Deposition of Plaintiff's expert witness, Dr. Frank Perez;

2. Deposition of Plaintiff's expert witness, Dr. Jeremy Lipshutz;

3. Deposition of Defendant's expert witness, Dr. Hugh Selznick;

4. Additional Deposition of Defendant's corporate 30(b)(6) representative;

5. Deposition of Plaintiff's treating providers; and

6. Additional written discovery, as needed.

### IV. GOOD CAUSE FOR THE REQUESTED EXTENSION

Local Rule 26-3 governs the extension of scheduled deadlines. Any stipulation or motion to extend any date set by the discovery plan, scheduling order, or other order, must be supported by a showing of good cause if made within 21 days of the scheduled deadline.

As required by LR 26-3, good cause exists for the requested extension. The parties seek this extension solely for the purpose of allowing them additional time and resources to apply toward the resolution of Plaintiff's claims. The parties have thus far been both cooperative and diligent in pursuing this matter and moving this case forward, by propounding written discovery, disclosing documents, conducting depositions, and retaining experts. The parties have been engaging in preliminary settlement discussions and are seeking to resolve this matter via private mediation, which was scheduled for October 10, 2025. However, due to unexpected conflicts with Defendant's schedule, the mediation has been rescheduled for **January 20, 2026**. Accordingly, in order to optimize their chances of successfully mediating this matter, the parties

herein respectfully request a 60-day extension of all remaining discovery deadlines.

**V. PROPOSED SCHEDULE FOR COMPLETING REMAINING DISCOVERY**

| DEADLINES | CURRENT DEADLINE | PROSPOSED DEADLINE |
|---|---|---|
| Add parties and amend pleadings | May 27, 2025 | **CLOSED** |
| Initial Expert Disclosure | June 26, 2025 | **CLOSED** |
| Rebuttal Expert Disclosure | July 28, 2025 | **CLOSED** |
| Close of Discovery | November 24, 2025 | **January 26, 2026** |
| Dispositive Motions | December 23, 2025 | **February 23, 2026** |
| Pretrial Order | January 22, 2026 | **March 23, 2026** |

I.  **CURRENT TRIAL DATE**

This case has not yet been assigned a trial date. This Stipulation is not made for purposes of undue delay of discovery or trial in this matter but is submitted in the interest of resolving this case on the merits.

The parties must diligently conduct discovery.

**IT IS SO ORDERED**
Dated: October 27, 2025

_____
Nancy J. Koppe
United States Magistrate Judge